[Cite as *Tuel v. Miller*, 2012-Ohio-2696.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

DONALD TUEL,                                  )
                                              )
      PETITIONER,                          )
                                              )
V.                                            )        CASE NO. 12 BE 5
                                              )
STATE OF OHIO                                 )        OPINION
MICHELE MILLER, WARDEN,                       )        AND
                                              )        JUDGMENT ENTRY
      RESPONDENT.                          )
                                              )

CHARACTER OF PROCEEDINGS:      Petition for Writ of Habeas Corpus

JUDGMENT:                    Dismissed

APPEARANCES:
For Petitioner                  Attorney Harvey J. McGowan
                              1245 East 135th Street
                              Cleveland, Ohio 44112

For Respondent                M. Scott Criss
                              Assistant Attorney General
                              Criminal Justice Section
                              150 E. Gay Street, 16th Floor
                              Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 12, 2012

PER CURIAM.

**{¶1}** Petitioner Donald Tuel has filed a petition for writ of habeas corpus against Respondent Michele Miller, Warden of the Belmont Correctional Institution, claiming he is being unlawfully detained there after serving one year of a four-year prison sentence for robbery. Miller has filed a motion to dismiss the petition.

**{¶2}** Tuel pleaded guilty to robbery in violation of R.C. 2911.02(A)(3), a third-degree felony. On August 16, 2010,[1] Tuel was sentenced to a four-year term of imprisonment by the Cuyahoga Common Pleas Court.

**{¶3}** On January 23, 2012, Tuel filed this petition for a writ of habeas corpus, relying solely on R.C. 2929.14(B). He quotes from R.C. 2929.14(B) as follows:

> Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), (D)(7), (D)(8), (G), (I), (J), or (L) of this section, in section 2907.02, 2907.05, or 2919.25 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court *shall impose the shortest prison term authorized* for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
>
> (Emphasis sic.)

**{¶4}** When Tuel was sentenced, the prison term authorized for a third-degree felony conviction was one, two, three four, or five years. R.C. 2929.14(A)(3).

---

[1]. The journal entry of sentence appears to be signed by the trial court judge on August 17, 2010, and file-stamped August 19, 2010, by the Cuyahoga County Clerk of Courts.

Thus, the shortest prison term authorized for his offense was one year. Since the trial court did not make either of the findings on the record set out in R.C. 2929.14(B)(1) or (2) and he has already served one year, Tuel argues that he is entitled to immediate release from prison based on those provisions.

{¶5} Tuel's petition fails for two reasons. First, the issue he raises is one that could have and should have been raised in a direct appeal of his conviction and sentence. This court has recognized that habeas corpus is not to be used as a substitute for other forms of action, such as direct appeal. *Wayne v. Bobby*, 7th Dist. No. 02 BE 72, 2003-Ohio-3882, ¶ 3, citing *Adams v. Humphreys* (1986), 27 Ohio St.3d 43, 500 N.E.2d 1373. "Habeas corpus is not a proper remedy for reviewing allegations of sentencing errors when that sentence was made by a court of proper jurisdiction. R.C. 2725.05; *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 596 N.E.2d 1038; *State ex rel. Wynn v. Baker* (1991), 61 Ohio St.3d 464, 575 N.E.2d 208. Direct appeal or post-conviction relief is instead the proper avenue to address such alleged errors in sentencing. *Blackburn v. Jago* (1988), 39 Ohio St.3d 139, 139, 529 N.E.2d 929." Id. at ¶ 4.

{¶6} Second, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court found R.C. 2929.14(B) unconstitutional and severed it from the Ohio's felony sentencing law. Now, a sentencing court has "full discretion" to sentence an offender within the statutory range and is no longer required to make findings or give its reasons for imposing non-minimum, maximum, or consecutive sentences. Id. at paragraph seven of the syllabus.

{¶7} For the foregoing reasons, Miller's motion to dismiss is granted and Tuel's petition for writ of habeas corpus is hereby dismissed.

{¶8} Costs taxed against Tuel. Final order. Clerk to serve notice on the

parties as required by the Ohio Rules of Civil Procedure.

Donofrio, J., concurs.

Waite, P.J., concurs.

DeGenaro, J., concurs.